FILED

AUG - 4 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CV 15-114-BLG-SPW |
|---|---|
| Plaintiff, | FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE |
| vs. | |
| ONE GLOCK, MODEL 23, .40 CALIBER PISTOL, and ONE 12 ROUND MAGAZINE, | |
| **Defendants.** | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. On November 10, 2015, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *In Rem* against one Glock Model 23, .40 caliber pistol, and one 12 round magazine, herein after referred to as "defendant property", as the defendant property was involved in a knowing and willful violation of 18 U.S.C. Section § 924(c) (possessing a firearm in furtherance of a drug trafficking offense), and 18 U.S.C. § 922(g)(3) (being an unlawful user of controlled substances while in possession of a firearm). Under 18 U.S.C. § 924(d), any firearms or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(c) or 922(g)(3), are subject to seizure and forfeiture. (Doc. 1, para. 1.)

2. On December 14, 2015, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives executed the Warrant of Arrest *In Rem* that was issued by this Court on December 3, 2015, and arrested the defendant property. (Doc. 5).

3. On December 1, 2015, the United States provided "direct notice" of this forfeiture action by sending via certified mail and first-class U.S. mail copies of the Notice of Civil Judicial Forfeiture and Verified Complaint *In Rem* (Docs. 1 and 3) to Brett Wade Clouse at the last known personal address provided to law enforcement as authorized by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(4)(b)(iii)(B) and (E). The certified mailing to

2

Brett Wade Clouse was returned by the U.S. Postal Service as delivered and signed for on December 4, 2015, by Frank Clouse. The first-class mailing to Brett Wade Clouse was not returned by the United States Postal Service; therefore, the undersigned presumes it was delivered to the addressee. (Dec. in Supp. of Default, Doc. 8, para. 3, Ex. 1).

4. Notice of this forfeiture action was also provided to known and unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on November 18, 2015, and ending on December 17, 2015. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (November 18, 2015) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 6, Att. 1).

5. Upon considering the United States' Motion for Entry of Defaults (Doc. 7), the Clerk of District Court entered the defaults of Brett Wade Clouse, and any unknown potential claimants, on August 2, 2016, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9).

3

6. The factual allegations set forth in paragraphs 4 through 9, Doc. 1, are verified by Cory Kambak, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. (Doc. 1, p. 7)

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

7. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *In Rem* to forfeit the defendant property, under 18 U.S.C. Section 924(c), possession of a firearm in furtherance of a drug trafficking offense, and 18 U.S.C. § 922(g)(3), being an unlawful user of controlled substances while in possession of a firearm. Therefore, the defendant property is forfeitable pursuant to 18 U.S.C. § 924(d).

8. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit the defendant property found in this district and the acts or omissions complained of occurred in this district.

9. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

10. The Verified Complaint for Forfeiture *In Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 18 U.S.C. § 922(g)(1).

11. The totality of circumstances as set forth the Verified Complaint *In Rem* illustrate that Brett Wade Clouse admitted to being a current and year-long user of methamphetamine, an illegal controlled substance, in violation of 18 U.S.C. § 922(g)(3). In addition, Clouse admitted to maintaining the firearm for his personal safety, and that he had it in his possession while retrieving a package containing methamphetamine, which results in the firearm being involved in or used in a knowing violation of 18 U.S.C. 924(c).

12. Notice of this action was properly provided to known potential claimant Brett Wade Clouse, in accordance with Supplemental Rule G(4)(b)(iii)(B) by sending notice to Clouse at the last known address provided to the agency as authorized under Supplemental Rule G(4)(b)(iii)(E).

13. Notice by publication was also provided to known and unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

14. In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the defaults of Brett Wade Clouse, and known and unknown potential claimants. (Doc. 9).

15. Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default against the defendant property, and any claims to the defendant property.

16. The United States is further entitled to an order of forfeiture of the defendant property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted a default judgment against the defendant property and against any person asserting a claim to, or interest in, the defendant property.

2. The defendant property, consisting of one Glock Model 23, .40 caliber pistol, and one 12 round magazine, is hereby forfeited to the United States and shall be disposed of in accordance with the law.

DATED this 4th day of August, 2016.

*Susan P. Watters*
Susan P. Watters
United States District Judge